**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

G. DAVID BROYLES; EMILY BROYLES;
CITIZENS BANK OF MARYLAND,
Plaintiffs-Appellees,

v.                                                                        No. 94-2584

ROGER SCHLOSSBERG, Trustee,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-93-3921-AW, BK-92-1-120-SD)

Argued: July 12, 1995

Decided: April 1, 1996

Before LUTTIG and WILLIAMS, Circuit Judges, and NORTON,
United States District Judge for the District of South Carolina,
sitting by designation.

_____

Affirmed by published opinion. Judge Williams wrote the opinion, in
which Judge Luttig and Judge Norton joined.

_____

**COUNSEL**

**ARGUED:** Roger Schlossberg, SCHLOSSBERG & ASSOCIATES,
Hagerstown, Maryland, for Appellant. John Sears Simcox, SIMCOX
& BARCLAY, Annapolis, Maryland, for Appellee.

_____

**OPINION**

WILLIAMS, Circuit Judge:

After oral argument, we certified the following question to the Court of Appeals of Maryland:

> Pursuant to Maryland Rule 2-611(d), what is the effect on the lien status of a confessed judgment when the state court "opens" the judgment for a hearing on the merits without affirmatively stating that the judgment lien is preserved[?]

Agreeing with the well-reasoned opinion of the bankruptcy court, the Court of Appeals of Maryland concluded that opening a confessed judgment does not destroy the validity of the underlying judgment lien:

> We hold that opening a confessed judgment is a procedure that allows the court to consider the merits of the defendant's defense to the action without destroying the judgment's validity. The judgment, and any judgment lien derived from it, remain in effect while the court considers the merits of the defense.

. . . .

> We reject the Trustee's contention that opening a confessed judgment destroys the validity of the underlying judgment lien unless the court order contains express affirmative language preserving the judgment.

Schlossberg v. Citizens Bank of Md., No. 25, slip op. at 8-9 (Md. Mar. 7, 1996). Because the priority status of the judgment lien is unaffected by its opening, we hold that the district court properly affirmed the bankruptcy court's lifting the automatic stay to permit the Circuit Court for Prince George's County to determine the validity and amount of the confessed judgment. The judgment of the district court, therefore, is affirmed.

AFFIRMED